ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 2 2 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINALD DALE PETERS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-796-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner has filed a motion seeking an extension of time to file a federal habeas petition. He requests an extension of the one-year statute of limitations under 28 U.S.C. § 2244(d) for filing a habeas petition.[1]

---

[1] The statute provides:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(continued...)

Petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte* ); *see also United States v. One 18th Century Colombian Monstrance,* 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook,* 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Cook,* 795 F.2d at 994 (quoting *Princeton University v. Schmid,* 455 U.S. 100, 102 (1982)); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them").

Petitioner is requesting an advisory opinion. There is no adverse party before this court. Nor is there a concrete dispute for this court to decide. The motion for extension of time in essence asks the court to determine in advance how much time remains on the one-year limitations period for

---

[1](...continued)

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

2

filing a federal petition and whether the petition will be timely or time-barred, if it is filed at some unspecified date in the future. This court cannot grant the relief that petitioner requests without offending the Constitution's case or controversy requirement.[2]

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's motion for an extension of time to file a federal habeas corpus petition be DISMISSED for want of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

---

[2] The court cannot interpret petitioner's motion as commencing a habeas corpus action. Rule 2(a) and (c) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and he factual basis for each ground for relief. Petitioner's motion only requests additional time to file a federal habeas petition and, thus, cannot be construed as the petition itself.

3

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 23, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 22, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE